# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IRFANSYAH RIYANTO, Personal Representative of the Heirs of TONI ISMAIL, deceased, RAHMAWATI, deceased, and ATHAR RISKI RIAWAN, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a corporation,<br><br>        Defendant. | No. _____<br><br>Removed from<br>Circuit Court of Cook County,<br>County Department, Law Division<br>No. 2021L001695 |

## NOTICE OF REMOVAL

Defendant The Boeing Company hereby removes this civil case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1333(1), 1332(a), 1441, and 1446. This case arises from the crash of Sriwijaya Air Flight 182 into the Java Sea on January 9, 2021. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because Plaintiff's claims arise under the Court's original admiralty jurisdiction, the amount in controversy exceeds $75,000, and the parties are fully diverse. 28 U.S.C. §§ 1332(a), 1333(1). As a short and plain statement of the grounds for removal, Boeing states the following:

### I.    INTRODUCTION AND BACKGROUND

**A.    The Accident**

This lawsuit arises from the crash of a Boeing 737-500 aircraft into the Java Sea off the coast of Indonesia, on January 9, 2021. The aircraft, Registration No. PK-CLC, was being operated as a commercial flight by Sriwijaya Air, and departed from Jakarta, Indonesia, bound for Pontianak, Indonesia. Jakarta is located on the Indonesian island of Java, while Pontianak is across the Java Sea on the island of Borneo. Shortly after takeoff, the aircraft crashed into the water several miles off the coast of Java. A map depicting the flight path follows:



Jon Emont, *et al.*, *Indonesia Plane Crash: Boeing Passenger Jet Plunges Into Java Sea*, WALL ST. J., Jan. 9, 2021, https://www.nytimes.com/2021/01/09/world/asia/indonesia-plane-crash.html; *see also* Hannah Beech & Muktita Suhartono, *Indonesian Jetliner Crashes Into the Sea After Takeoff, Carrying 62*, N.Y. TIMES, Jan. 9, 2021, https://www.nytimes.com/2021/01/09/world/asia/indonesia-plane-crash.html; Ex. A, KNKT Preliminary Aircraft Accident Investigation Report at 9-10. All 62 occupants were citizens of Indonesia. Ex. A, at 10.

**B.     The Complaint**

Plaintiff filed this Complaint on February 17, 2021, in the Circuit Court of Cook County, Illinois, County Department, Law Division, as Case No. 2021L001695. A true and correct copy of the Complaint is attached as **Exhibit B**. Plaintiff brings a wrongful death action against Boeing on his own behalf and on behalf of the estate of his three decedents—Toni Ismail, Rahmawati, and Athar Riski Riawan—who were passengers on board Sriwijaya Air Flight 182 (the "Decedents"). Ex. B, Compl. The Plaintiff and Decedents are citizens and residents of Indonesia. Compl., Count

I ¶ 1. Plaintiff asserts claims of wrongful death, survival, negligence, and strict products liability. *Id.* at Counts I–IV.

## II. GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on admiralty, 28 U.S.C. § 1333(1), and diversity, 28 U.S.C. § 1332(a).

### A. This Court has admiralty jurisdiction.

Federal district courts "have original jurisdiction … of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). A civil case is one of "admiralty jurisdiction" if (1) the alleged "tort occurred on navigable water," and (2) the activity in question bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *see also Lu Junhong v. The Boeing Co.*, 792 F.3d 805, 813–17 (7th Cir. 2015) (holding admiralty jurisdiction removal by Boeing was proper in case involving alleged torts occurring during transoceanic flight). Both requirements are satisfied here.

Sriwijaya Air Flight 182 crashed into the Java Sea while flying from one Indonesian island to another. Accordingly, the alleged "tort occur[ed]" at least in part "on navigable waters."[1] *Grubart*, 513 U.S. at 534. The first requirement for establishing admiralty jurisdiction is therefore satisfied. *Id.*; *Lu Junhong*, 792 F.3d at 815–16 (explaining that § 1333(1) does not "require[] the

---

[1] For purposes of admiralty law, "a tort is deemed to occur where the injury occurs." *Taghadomi v. Extreme Sports Maui*, 257 F. Supp. 2d 1262, 1269 (D. Haw. 2002), *aff'd sub nom. Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005). The same is true under any potentially applicable state law. *See, e.g.*, *ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 2020 WL 762493, at *3 (Del. Feb. 17, 2020) (Delaware); *Beigel & Sandler v. Weinstein*, 1992 WL 357523, at *2 (N.D. Ill. Nov. 24, 1992) (Illinois); *Lewis v. Bours*, 835 P.2d 221, 225 (Wash. 1992) (Washington). Accordingly, this particular issue does not require the Court to examine or choose among any potentially applicable bodies of substantive law, and Boeing does not waive, but rather expressly reserves, the right to invoke and/or object to the application of any particular body of substantive law in the future, as may be appropriate to the facts and posture of the case. By filing this Notice of Removal, Boeing does not waive any other rights, privileges, or defenses and does not concede that this is an appropriate or convenient forum for resolution of these or any other claims.

whole tort to occur on the water," and finding admiralty jurisdiction based on claims relating to the aircraft's autothrottle system design and its performance while aircraft was over navigable water).

In addition, the activity giving rise to the incident in this case—a flight from Jakarta, on the island of Java, to Pontianak, on the island of Borneo—has a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 534. Before the advent of aircraft, such a journey would have been made by an ocean-going vessel and is therefore sufficiently related to traditional maritime activity to warrant the exercise of admiralty jurisdiction. *See Lu Junhong*, 792 F.3d at 816 ("Asiana 214 was a trans-ocean flight, a substitute for an ocean-going vessel—as flights from the contiguous United States to and from Alaska, Hawaii, and overseas territories also would be—and thus … this situation 'might be thought to bear a significant relationship to a traditional maritime activity.'"); *Miller v. United States*, 725 F.2d 1311, 1315 (11th Cir. 1984) (flight from Bahamas to Florida within admiralty jurisdiction); *Williams v. United States*, 711 F.2d 893, 896 (9th Cir. 1983) (flight from California to Hawaii within admiralty jurisdiction); *Roberts v. United States*, 498 F.2d 520, 524 (9th Cir. 1974) (flight from California to Vietnam within admiralty jurisdiction).

**B.      This Court also has diversity jurisdiction.**

The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and there is diversity between the plaintiffs, on the one hand, and the defendants, on the other. 28 U.S.C. § 1332(a); *Ashenden v. Lloyd's of London*, 934 F. Supp. 992, 995 (N.D. Ill. 1996) ("Section 1332 has been interpreted to require 'complete diversity,' that is, each and every defendant must have different citizenship from each and every plaintiff."). Both requirements are satisfied here.

The amount-in-controversy requirement is satisfied. Under 28 U.S.C. § 1446(c)(2)(A)(ii), Boeing hereby asserts that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.[2] Boeing makes this assertion in good faith in light of the injuries and damages

---

[2] Boeing does not concede that plaintiff is entitled to recover more than $75,000 and denies that plaintiff is entitled to recover any damages.

Plaintiff alleges. Plaintiff alleges that the three decedents were killed in the crash and brings survival claims on their behalf. Compl., Count IV. Plaintiff also alleges that he "and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief" as a result of these deaths. Compl., Count I ¶ 12, Count III ¶ 11–12. And Plaintiff pleads for damages in excess of the Illinois jurisdictional minimum for each of his four counts. Compl., Counts I–IV.

When plaintiffs fail to allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Thus, based on Plaintiff's allegations of personal injuries and other damages, Boeing alleges in good faith that the amount in controversy exceeds $75,000. *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) (a defendant's plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a legal certainty that plaintiff's claim is for less than requisite amount); *Geographic Expeditions, Inc. v. The Estate of Jason Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (claims for wrongful death, loss of consortium, and funeral expenses met amount-in-controversy requirement under "legal certainty" standard); *Hanlon v. XY Tool & Die, Inc.*, No. 04 C 410, 2004 WL 838035, at *2 (N.D. Ill. Apr. 16, 2004) (holding that the jurisdictional amount for diversity purposes was satisfied in a removed case, where each of three counts pleaded damages in excess of the Illinois jurisdictional minimum, and the claims involved distinct causes of action based on wrongful death and survival).

There is also complete diversity of citizenship between Plaintiff and Defendant. Plaintiff alleges that both he and the Decedents are citizens of, and domiciled in, Indonesia. Compl., Count I ¶ 1. Thus, for diversity purposes, plaintiff is a citizen of Indonesia. 28 U.S.C. §§ 1332(a)(2), 1332(c)(2). Boeing is a Delaware corporation with its principal place of business in Illinois. Thus, for diversity purposes, Boeing is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

The forum-defendant rule does not bar removal here. Boeing removes this matter based on the Court's admiralty jurisdiction, as well as diversity. Therefore, the forum state defendant prohibition of § 1441(b)(2)—which applies only to removal "solely" on diversity—is inapplicable. *See Lu Junhong*, 792 F.3d at 817–18; *Crisanto v. Caladan Oceanic, LLC*, 2018 WL 3641703, at *3 (N.D. Tex. Aug. 1, 2018) (defendants removing admiralty cases under §§ 1333 and 1441 need only show that they meet the jurisdictional requirements of diversity jurisdiction; forum-defendant rule is inapplicable in this scenario); *Boakye v. NCL (Bah.) Ltd.*, 295 F. Supp. 3d 1342 (N.D. Ga. 2018) ("Whereas before the amendment [to 28 U.S.C. § 1441], *no* case could be removed if a defendant was in his home state, *unless* there was a federal question, now *all* cases involving a home state defendant in which a federal court could have original jurisdiction can be removed *unless* jurisdiction is based solely on diversity.") (emphasis in original).

**C.     Boeing has satisfied the other requirements for removal.**

Boeing's removal is timely. Boeing was served on February 17, 2021, so the 30-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

All copies of all papers and pleadings on file with the State court are attached at **Exhibit C** in accordance with 28 U.S.C. § 1446(a).

The venue for this removed action is proper. This Court is the United States District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

Boeing is today serving this Notice of Removal on Plaintiff and will promptly file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

### III.     CONCLUSION

WHEREFORE, Boeing hereby removes this action from the Circuit Court of Cook County, Illinois, to this Court.

| Dated: March 17, 2021 | THE BOEING COMPANY |
|---|---|
| | By: /s/ Bates McIntyre Larson |
| | One of Its Attorneys |

Bates McIntyre Larson
Daniel T. Burley
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400
BLarson@perkinscoie.com
DBurley@perkinscoie.com

Mack H. Shultz
Daniel P. Ridlon (*pro hac vice* admission pending)
Rachel Constantino-Wallace
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000
MShultz@perkinscoie.com
DRidlon@perkinscoie.com

# CERTIFICATE OF SERVICE

    I, Bates McIntyre Larson, certify that on March 17, 2021, I electronically filed the foregoing ***NOTICE OF REMOVAL*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record, and served a copy by email on the following counsel of record.

    Floyd Wisner
    Alexandra Wisner
    WISNER LAW FIRM
    514 W State St #200
    Geneva, IL 60134
    630.262.9434
    faw@wisner-law.com
    awisner@wisner-law.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 17 day of March, 2021.

          /s/    Bates McIntyre Larson
        PERKINS COIE LLP
        131 South Dearborn Street, Suite No. 1700
        Chicago, Illinois 60603-5559
        Tel: (312) 324-8400
        Fax: (312) 324-9400