**EXHIBIT C**

FILED
2/17/2021 9:02 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021L001695

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

IRFANSYAH RIYANTO, Personal Representative of the Heirs of TONI ISMAIL, deceased, RAHMAWATI, Deceased, and ATHAR RISKI RIAWAN, deceased

Plaintiff(s)

v.

THE BOEING COMPANY, a corporation,

Defendant(s)

The Boeing Company
c/o Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, Il. 62703

Address of Defendant(s)

Case No. _____

Please serve as follows (check one): ○ Certified Mail  ● Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FEB 1 7 2021

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

2/17/2021 9:02 AM IRIS Y. MARTINEZ

○ Atty. No.: __11151__

○ Pro Se 99500

Name: __Alexandra M. Wisner__

Atty. for (if applicable):

__Plaintiff__

Address: __524 w. State st, suite 200__

City: __Geneva__

State: __IL__   Zip: __60134__

Telephone: __(630) 262-9434__

Primary Email: __awisner@wisner-law.com__

Witness date _____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

FILED
2/17/2021 9:02 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L001695

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

IRFANSYAH RIYANTO, Personal )
Representative of the Heirs of TONI ISMAIL, )
deceased, RAHMAWATI, deceased, and )
ATHAR RISKI RIAWAN, deceased, )
)
)
)
Plaintiff, )
)
v. ) No.
)
THE BOEING COMPANY, a corporation, )
)
)
Defendant. )

## COMPLAINT

Plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased and Athar Riski Riawan, deceased, for his Complaint against defendant The Boeing Co., an Illinois corporation, states as follows:

## COUNT I

1. Plaintiff Irfansyah Riyanto is a citizen and resident of Indonesia and is an heir of, and the Personal Representative of the heirs of, Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased. Plaintiff's decedents were citizens and residents of Indonesia.

2. Defendant The Boeing Company ("Boeing") is a U.S. corporation which has its principal place of business in, and is a resident of, Cook County, Illinois.

3. On a date prior to January 9, 2021, defendant Boeing designed, manufactured, assembled and sold a certain Boeing 737-500 aircraft, registration PK-CLC (the "accident aircraft").

4. On a date prior to January 9, 2021, defendant Boeing also prepared, published and provided to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM).

5. After the sale of the accident aircraft, defendant Boeing provided further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of aircraft flight crews.

6. At the time the accident aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

> (a) the autothrottle was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;
>
> (b) the autothrottle was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control; and/or
>
> (c) the accident aircraft did not provide any warnings of these unreasonably dangerous and defective conditions.

7. At the time the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, left the custody and control of defendant Boeing, they were defective and unreasonably dangerous in one or more of the following respects:

> (a) the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;
>
> (b) the instructions and manuals, including the MM, did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever

for one engine to reduce, while the thrust lever for the other engine remained the same;

(c) the instructions and manuals, including the QRF and the FCTM, did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(d) the instructions and manuals, including the QRF and the FCTM, did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same; and/or

(e) the instructions and manuals, including the MM, QRF and the FCTM, did not provide any warnings of the above-described defective and unreasonably dangerous conditions.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). The accident flight was a domestic flight within the Republic of Indonesia and was not conducted over international waters or the high seas. Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews,

including the MM, QRH and FCTM, and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Plaintiff's decedents left surviving heirs and beneficiaries, including plaintiff, for whose benefit this action is brought.

12. Plaintiff and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiff's decedents.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-8. As paragraphs 1-8 of Count II, plaintiff realleges paragraphs 1-8 of Count I.

9. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft and the instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including the MM, QRH and FCTM, and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Had plaintiff's decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III

1-5. As paragraphs 1-5 of Count III, plaintiff realleges paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Boeing owed a duty to plaintiff and plaintiff's decedents to exercise reasonable care in the design, manufacture, assembly and sale of the accident aircraft and in preparing, publishing and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM), and in providing further after-sale service,

instruction and advice for the maintenance and operation of the accident aircraft and the training of the flight crews, so as to not cause injury to, or the deaths of, plaintiff's decedents.

7. Defendant Boeing negligently breached the duty of care it owed to plaintiff and plaintiff's decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;

(b) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control;

(c) negligently failed to warn of these defective and unreasonably dangerous conditions;

(d) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(e) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(f) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(g) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(h) negligently failed to provide in the instructions and manuals, including the MM, QRF and the FCTM, any warnings of the above-described defective and unreasonably dangerous conditions; and/or

(i) negligently failed to provide adequate and proper training, instruction and guidance as to the appropriate maintenance and operation of the accident aircraft.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Plaintiff's decedents left surviving heirs and beneficiaries, including plaintiff, for whose benefit this action is brought.

12. Plaintiff and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the deaths of plaintiffs' decedents.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-5. As paragraphs 1-5 of Count IV, plaintiffs reallege paragraphs 1-5 of Count I.

6. At all times relevant hereto, defendant Boeing owed a duty to plaintiff and plaintiff's decedents to exercise reasonable care in the design, manufacture, assembly and sale of the accident aircraft and in preparing, publishing and providing to Sriwijaya Airlines certain instructions and manuals for the maintenance and operation of the accident aircraft and the training of aircraft flight crews, including a Maintenance Manual (MM), a Quick Reference Handbook (QRH) and a Flight Crew Training Manual (FCTM), and in providing further after-sale service, instruction and advice for the maintenance and operation of the accident aircraft and the training of the flight crews, so as to not cause injury to, or the deaths of, plaintiff's decedents.

7. Defendant Boeing negligently breached the duty of care it owed to plaintiff and plaintiff's decedents through one or more of the following negligent acts or omissions:

> (a) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to failure and, in fact, on January 3, 2021 and again on January 4, 2021, just days before the subject crash, the pilot of the accident aircraft reported the autothrottle was unserviceable;
>
> (b) negligently designed, manufactured, assembled and sold the accident aircraft such that the autothrottle system was subject to the thrust lever for one engine reducing, while the thrust lever for the other engine remained the same, resulting in significant differences in power being provided to the engines and causing an upset and a loss of control;

(c) negligently failed to warn of these defective and unreasonably dangerous conditions;

(d) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent failures of the autothrottle;

(e) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the MM, which did not provide any, or provided inadequate, instructions and advice as to the maintenance of the accident aircraft so as to prevent the autothrottle from causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(f) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide adequate instructions and advice as to recovery of the accident aircraft in the event of an upset;

(g) negligently prepared, published and provided to Srijiwaya Airlines instructions and manuals, including the QRF and the FCTM, which did not provide any, or provided inadequate, instructions and advice as to the prevention of an upset of the accident aircraft resulting from the autothrottle causing the thrust lever for one engine to reduce, while the thrust lever for the other engine remained the same;

(h) negligently failed to provide in the instructions and manuals, including the MM, QRF and the FCTM, any warnings of the above-described defective and unreasonably dangerous conditions; and/or

(i) negligently failed to provide adequate and proper training, instruction and guidance as to the appropriate maintenance and operation of the accident aircraft.

8. On January 9, 2021, the accident aircraft was being operated by Sriwijaya Airlines as Sriwijaya Air flight SJ-182 from Jakarta to Pontianak, Indonesia ("the accident flight"). Plaintiff's decedents were passengers on the accident aircraft during the accident flight.

9. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing, the autothrottle failed within minutes after the accident aircraft departed the runway and while the aircraft was over land. The thrust lever for the left engine of

the accident aircraft began reducing, while the thrust lever for the right engine remained the same. This condition remained throughout the short duration of the accident flight.

10. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Boeing and the resulting failure of the autothrottle, the accident aircraft was caused to go into an upset from which the flight crew was unable to recover and the accident aircraft was caused to go out of control and violently crash, killing all those on board, including plaintiff's decedents.

11. Had plaintiff's decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

WHEREFORE, plaintiff Irfansyah Riyanto, Personal Representative of the heirs of Toni Ismail, deceased, Rahmawati, deceased, and Athar Riski Riawan, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against defendant The Boeing Co. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Dated: February 17, 2021  WISNER LAW FIRM, P.C.,

By: /s/Floyd A. Wisner
One of the Attorneys For Plaintiffs

Floyd A. Wisner
Alexandra M. Wisner
Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois 60134
(630) 262-9434
(630) 262-1066 (fax)
faw@wisner-law.com

awisner@wisner-law.com
Firm ID No. 11151

Civil Action Cover Sheet - Case Initiation     (12/01/20) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

IRFANSYAH RIYANTO, Personal Representative of the Heirs of TONI ISMAIL, deceased, RAHMAWATI, deceased, and ATHAR RISKI RIAWAN, deceased

v.

THE BOEING COMPANY

No. _____

FILED
2/17/2021 9:02 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021L001695

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ■ Yes  ❏ No

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ❏ 027 Motor Vehicle
- ❏ 040 Medical Malpractice
- ❏ 047 Asbestos
- ❏ 048 Dram Shop
- ■ 049 Product Liability
- ❏ 051 Construction Injuries
    (including Structural Work Act, Road Construction Injuries Act and negligence)
- ❏ 052 Railroad/FELA
- ❏ 053 Pediatric Lead Exposure
- ❏ 061 Other Personal Injury/Wrongful Death
- ❏ 063 Intentional Tort
- ❏ 064 Miscellaneous Statutory Action
    (Please Specify Below**)
- ❏ 065 Premises Liability
- ❏ 078 Fen-phen/Redux Litigation
- ❏ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ❏ 007 Confessions of Judgment
- ❏ 008 Replevin
- ❏ 009 Tax
- ❏ 015 Condemnation
- ❏ 017 Detinue
- ❏ 029 Unemployment Compensation
- ❏ 031 Foreign Transcript
- ❏ 036 Administrative Review Action
- ❏ 085 Petition to Register Foreign Judgment
- ❏ 099 All Other Extraordinary Remedies

By: /s/Floyd A. Wisner
    (Attorney)                    (Pro Se)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ❏ 002 Breach of Contract
- ❏ 070 Professional Malpractice
    (other than legal or medical)
- ❏ 071 Fraud (other than legal or medical)
- ❏ 072 Consumer Fraud
- ❏ 073 Breach of Warranty
- ❏ 074 Statutory Action
    (Please specify below.**)
- ❏ 075 Other Commercial Litigation
    (Please specify below.**)
- ❏ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ❏ 062 Property Damage
- ❏ 066 Legal Malpractice
- ❏ 077 Libel/Slander
- ❏ 079 Petition for Qualified Orders
- ❏ 084 Petition to Issue Subpoena
- ❏ 100 Petition for Discovery

** _____

Primary Email: faw@wisner-law.com
Secondary Email: awisner@wisner-law.com
Tertiary Email: joanne@wisner-law.com

**Pro Se Only:** ❏ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1