**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IRFANSYAH RIYANTO, Personal Representative of the Heirs of TONI ISMAIL, deceased, RAHMAWATI, deceased, and ATHAR RISKI RIAWAN, deceased, | ) ) ) ) ) ) | No. 21-cv-1475 <br><br> Judge Robert M. Dow, Jr. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE BOEING COMPANY, a corporation, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this action, which was removed from the Circuit Court of Cook County, Illinois, Plaintiff Irfansyah Riyanto ("Plaintiff") brings suit against the Boeing Company ("Defendant") as the personal representative of the heirs of Toni Ismail, Rahmawati, and Athar Riski Riawan, all of whom perished when a Boeing jet crashed into the Java Sea. Currently before the Court are Plaintiff's motion to remand [14] and Defendant's motion to reassign other cases to this Court based on relatedness [27]. For the following reasons, Plaintiff's motion to remand [14] is granted. This case is remanded to the Circuit Court of Cook County for all further proceedings. Defendant's motion to reassign [27] is denied as moot. Civil case terminated.

I.    **Background**

On the afternoon of January 9, 2021, all sixty-two people aboard Sriwijaya Air Flight 182 ("SJY 182") died when the Boeing 737-500 Jet crashed into the Java Sea less than five minutes after take-off from Jakarta International Airport on the Indonesian Island of Java. The fifty-six passengers, two pilots, and four crew members were Indonesian citizens and residents; and the

airplane that crashed was owned and operated by Sriwijaya Air, an Indonesian company. The airplane was designed and manufactured by Defendant, a United States corporation, incorporated in Delaware, with its principal place of business in Illinois at the time that this litigation commenced and removed.

On February 17, 2021, Plaintiff filed this civil *in personam* action in the Circuit Court of Cook County as Personal Representative for the decedents and also in his personal capacity as a survivor. In a four-count complaint, Plaintiff, a foreign state citizen, names Boeing as the only Defendant. Plaintiff asserts claims of wrongful death, survival, negligence, and strict products liability arising out of Defendant's alleged breach of duties concerning the design, manufacture, sale, and post-sale maintenance of SJY 182 and the education and training of pilots. On March 17, 2021, Defendant filed and served a notice of removal [1] pursuant to 28 U.S.C. § 1441(a), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, and 28 U.S.C. § 1446. Defendant asserts that federal subject matter jurisdiction exists based on admiralty, see 28 U.S.C. § 1333(1), and diversity, 28 U.S.C. § 1332(a). Plaintiff has moved to remand the case to state court. See [14]. While Plaintiff's motion was pending, Defendant filed a motion to reassign other cases arising out of the same plane crash to this Court based on relatedness. See [27].

## II. Legal Standard

As the removing party, Defendant bears the burden of showing that removal was proper. See *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019); *Grecian Delight Foods, Inc. v. Great American Insurance Co. of New York*, 365 F. Supp. 3d 948, 952 (N.D. Ill. 2019). "A case must be remanded to state court if subject-matter jurisdiction is lacking or if the defendant failed to comply with the removal statute." *Ayotte v. Boeing Company*, 316 F. Supp. 3d 1066, 1072 (N.D. Ill. 2018) (citing *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013)). Any

doubts concerning the propriety of removal should be resolved in favor of the plaintiff's choice of forum in state court. See *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Wragge v. Boeing Company*, 532 F. Supp. 3d 616, 620 (N.D. Ill. 2021).

"Jurisdictional allegations control unless it is legally impossible for them to be true (or to have the asserted consequences)." *Lu Junhong v. Boeing Co.,* 792 F.3d 805, 815 (7th Cir. 2015) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (asking whether it "appears to a legal certainty" that the plaintiff cannot satisfy a jurisdictional requirement)). "That's equally true of a defendant's allegations in support of removal." *Id.* (citing *Dart Cherokee Basin Operating Co. v. Wrens*, 574 U.S. 81, 87-88 (2014) (explaining that a removing defendant's uncontested factual allegations can support federal jurisdiction)). In addition, "[w]hen considering a factual challenge to jurisdiction, courts 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Albert v. Oshkosh Corp.*, 47 F. 4th 570, 577 (7th Cir. 2022); see also *Ayotte*, 316 F Supp. 3d at 1072.

## III.   Analysis

Defendant argues that removal was proper based on admiralty jurisdiction, 28 U.S.C. § 1333(1), which grants the district courts "original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The parties spend the majority of their briefs analyzing whether Defendant can establish admiralty jurisdiction as a factual matter, which (the parties agree) exists if (1) the alleged tort occurred on navigable water (the locality test) and (2) the activity in question bears a substantial relationship to traditional maritime activity (the connection test). See [18] at 9; [15] at 3-10. But this analysis is ultimately irrelevant if the Court

agrees with Plaintiff that the last clause of § 1333(1), referred to as the "saving-to-suitors clause," bars removal regardless of whether Defendant can satisfy the locality or connection tests.

Lu Junhong establishes that, at least where a plaintiff does not object to removal based on the saving-to-suitors clause, the district court has "original jurisdiction" over admiralty claims and therefore an admiralty claim may be removed pursuant to the current, post-2011 amendment version of 28 U.S.C. § 1441(a). Lu Junhong, 792 F.3d at 818 ("Our conclusion that § 1333(1) supplies admiralty jurisdiction shows that subject-matter jurisdiction exists."). However, the plaintiff in Lu Junhong never invoked the saving-to-suitors clause, and the Seventh Circuit found that the argument was waived. The court of appeals also recognized that it might "be possible to argue that the saving-to-suitors clause itself forbids removal, without regard to any language in § 1441." Id. But it did "not think that it is the sort of contention about subject-matter jurisdiction that a federal court must resolve even if the parties disregard it." Id.

Here, Plaintiff has invoked the saving-to-suitors clause, requiring the Court to answer the question that Lu Junhong never reached. There is some confusion in the case law concerning how the 2011 amendment to § 1441 affects a plaintiff's ability to use the saving-to-suitors clause to prevent a defendant from removing an admiralty claim. Prior to the 2011 amendment, § 1441(b) read: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 372 n.30 (1959). In Romero, the Supreme Court held that the words "claim or right arising under the Constitution, treaties or laws of the United States" did "not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction." Id. at 378. The Court explained that "the historic option of a maritime suitor pursuing a common-law

4

remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441." *Id*. at 371-72. Following *Romero*—and prior to the 2011 amendment to the removal statute—courts "consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal' such as the presence of a federal question or diversity of citizenship." *Oklahoma ex rel. Edmondson v. Magnolia Marine Transport Co*., 359 F.3d 1237, 1241 (10th Cir. 2004) (quoting *In re Chimenti,* 79 F.3d 534, 537 (6th Cir. 1996); citing *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 390 (3d Cir. 2002), and *Servis v. Hiller Sys., Inc.,* 54 F.3d 203, 206–07 (4th Cir. 1995)).

In 2011, the removal statute was amended to read: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Practically speaking, th[e] [2011] amendment limited the old 'home state rule' to only those cases where removal was based on diversity alone. Whereas before the amendment, *no* case could be removed if a defendant was in his home state, *unless* there was a federal question, now, *all* cases involving a home state defendant in which a federal court could have had original jurisdiction can be removed *unless* jurisdiction is based solely on diversity." *Boakye v. NCL (Bahamas) Ltd*., 295 F. Supp. 3d 1342, 1346 (N.D. Ga. 2018).

Since the amendment, there has been some confusion regarding whether the now-broader removal statute overrides a plaintiff's ability to use the saving-to-suitors clause to prevent removal of admiralty claims that the plaintiff chose to file in state court. Defendant argues that the saving-to-suitors clause does not bar removal: First, because the plain language of the removal statute, 28

U.S.C. § 1441(a), allows removal; and second, because diversity provides an independent basis for subject matter jurisdiction.

According to Defendant, "the plain language of 28 U.S.C. § 1441(a) allows for removal" because the statute was amended in 2011 "so that the restriction on removal by a forum defendant now only applies to cases removable solely on the basis of diversity." [18] at 17. However, Defendant does not cite any precedent supporting this interpretation of § 1441 or its interaction with the admiralty jurisdiction statute, § 1333(1), waiving the issue. See *Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 413 (N.D. Ill. 2021) ("failure to develop a legal argument in an opening brief results in the argument's waiver"); *Hopkins v. Board of Ed. of City of Chicago*, 73 F. Supp. 3d 974, 983 (N.D. Ill. 2014). After percolating for a decade in the district courts, the strong majority view at this point is that admiralty claims are not removable—or at least not when (unlike the plaintiff in *Lu Junhong*) the plaintiff objects and invokes the saving-to-suitors clause—absent an independent basis for the district court to exercise jurisdiction. See, e.g., *Curry v. Boeing*, 542 F. Supp. 3d 804, 819-20 (N.D. Ill. 2021); *Brown v. Porter*, 149 F. Supp. 3d 963, 969-70 (N.D. Ill. 2016); *Ochoa v. Material Serv. Corp.*, 2022 WL 703213, at *3 (N.D. Ill. Mar. 9, 2022); *Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (citing a "'growing chorus'" of more than 40 district court decisions concluding that the 2011 amendment to the removal statute "'did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty'" (quoting *Serigny v. Chevron U.S.A., Inc.*, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014))); *Forde v. Hornblower New York, LLC*, 243 F. Supp. 3d 461, 467 (S.D. N.Y. 2017) ("although no federal court of appeals has

resolved this issue, the overwhelming majority of district courts have taken the position the Court adopts here, that admiralty claims are not removable absent another basis of jurisdiction").

The Court agrees with this conclusion and rejects Defendant's contention that it is at odds with the plain language of the removal statute. The Court starts with the principle that "[w]e 'interpret Congress's statutes as a harmonious whole rather than at war with one another.'" *Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 695 (7th Cir. 2020) (quoting *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (U.S. 2018)). "When a statute is susceptible of two interpretations, one that creates a conflict with another statute and another that avoids it, we have an obligation to avoid the conflict 'if such a construction is possible and reasonable.'" *Id.* (quoting *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 544 (7th Cir. 2003)); see also *Menzies v. Seyfarth Shaw LLP*, 197 F. Supp. 3d 1076, 1111 (N.D. Ill. 2016) (it is "'duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective'" (quoting *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533 (1995)). Only if two statues are incompatible and cannot be harmonized must the Court "determine which one Congress meant to take precedence." *Duffer v. United Continental Holdings, Inc.*, 173 F. Supp. 3d 689, 712 (N.D. Ill. 2016) (citing *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 583–84 (7th Cir. 1999)).

Defendant makes no attempt to harmonize the amended removal statute with the saving-to-suitors clause, "ignor[ing] the language of § 1333(1) entirely and the fact that § 1333(1) remained consistent through the 2011 Amendment." *Sullivan v. Bay Point Resort Operations LLC*, 433 F. Supp. 3d 1072, 1075 n.1 (N.D. Ohio 2019). Indeed, the substance of the saving-to-suitors clause "has remained largely unchanged" since it was codified in the Judiciary Act of 1789. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443-44 (2001). The Court agrees with other district

courts to have considered the issue that the legislative record for the 2011 amendment "discloses that Congress amended § 1441 to increase clarity, not to expand federal courts' removal jurisdiction in maritime matters." *Atlantic Coast Marine Group, Inc. v. Willis*, 210 F. Supp. 3d 807, 811 (E.D.N.C. 2016); see also *Nassau Cnty. Bridge Authority v. Olsen*, 130 F. Supp. 3d 753, 763 (E.D.N.Y. 2015) ("The House Report on the 2011 amendments indicates that Congress's intention was procedural, not substantive: 'Section 103(a)(3) places the provisions that apply to diversity actions under one subsection. This change is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal.' H.R. Rep. No. 112–10."); *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 763 (E.D. La. 2014) ("The House Report on the 2011 amendments evidences no intent to change the operation of removal of maritime or admiralty cases."); *Forde*, 243 F. Supp. 3d at 467.

In addition, Defendant's "plain language" argument fails to address § 1441(a)'s language authorizing removal "except as expressly provided by an Act of Congress." In *Cox v. Lippus*, 570 F. Supp. 3d 547, 551 (N.D. Ohio 2021), the district court held that "[t]he 'saving to suitors' clause is an Act of Congress, and its plain language would be contravened if Defendants could remove this case and strip Plaintiff of her right to trial by jury." Numerous other district courts have held the same, or at a minimum found that this language created sufficient doubt that must be resolved in favor of remand. See *Boakye*, 295 F. Supp. 3d at 1348 (saving-to-suitors clause is "an Act of Congress" that prevents removal based solely on the court's admiralty jurisdiction); *A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas, LLC*, 77 F. Supp. 3d 481, 491 (E.D. Va. 2015) ("the saving to suitors clause, which establishes concurrent jurisdiction over maritime cases, is an Act of Congress in which Congress has expressly provided an exception to an otherwise removable action under § 1441"); *Mims v. Deepwater Corrosion Services, Inc.*, 90 F. Supp. 3d 679, 694 (S.D.

Tex. 2015) ("even if admiralty jurisdiction existed here, the saving to suitors clause, which is an Act of Congress, prohibits removal unless diversity or federal question jurisdiction exists"); *Jimenez v. U.S. Environmental Services, LLC*, 2015 WL 4692850, at *3 (S.D. Tex. Aug. 6, 2015) (noting that "[s]everal courts in this Circuit have suggested that the 'saving to suitors' clause could operate as an express provision by an Act of Congress that would preclude removal under the removal statute" and resolving any doubt about the propriety of removal in favor of remand (citing *Perio v. Titan Maritime, LLC*, 2013 WL 5563711, at *13-14 (S.D. Tex. Oct. 8, 2013)); *Ritchy v. Kirby Corp.*, 2015 WL 46657548, at *3 (S.D. Tex. Aug. 5, 2015); *Key Energy Services, Inc. v. Matt-Alex, Inc.*, 2015 WL 13800090, at *4 (S.D. Tex. Jan. 8, 2015); *Pierce v. Parker Towing Co., Inc.*, 25 F. Supp. 3d 1372, 1383 (S.D. Ala. 2014) ("Although § 1441(b) now clearly applies only to diversity cases, § 1333(1) remains an Act of Congress that limits the Court's removal jurisdiction by 'saving to suitors' common law remedies; if removal of *in personam* maritime claims results in the loss of those remedies"); *Riley v. Llog Exploration Co. LLC*, 2014 WL 4345002, at *3 (E.D. La. Aug. 28, 2014) (agreeing with plaintiff that the saving-to-suitors clause "is an Act of Congress that operates to prevent the removal of this matter," primarily because of "the manner in which federal courts have historically treated admiralty claims"); *Barry v. Shell Oil Co.*, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014); *Progressive Mountain Ins. Co. v. Dana C. McLendon Co. Inc.*, 2015 WL 925932, at *3–4 (D.S.C. Mar. 4, 2015).

The Court finds this line of reasoning persuasive given the "historic option of a maritime suitor pursuing common-law remedies to select his forum," *Romero*, 358 U.S. at 371-72, and the pre-2011 case law "consistently interpret[ing] the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal." *Edmondson*, 359 F.3d at 1241 (citing *In re Chimenti*, 79 F.3d at 537)). "[I]f

Congress had wished to break from this well-settled law, it could have done so by removing the saving to suitors clause from § 1333(1)." *Sullivan*, 433 F. Supp. 3d at 1075 n.1; see also *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 661 (7th Cir. 2012) ("it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect, unless such intention is clearly expressed" (internal quotation marks and citation omitted)). "Without any clear indication in the language or the legislative history of the 2011 amendments of § 1441 that Congress intended to alter the historic understanding of the 'saving to suitors' clause in § 1333, the Court is unwilling to adopt" Defendant's broad reading of the removal statute, *Olsen*, 130 F. Supp. 3d at 763, and will resolve any doubts in favor of remand. See *Dirkse v. Nu Venture Diving Co.*, 2018 WL 6133683, at *6 (C.D. Cal. May 21, 2018) (opining based on the legislative history of the 2011 amendment and "established canons of statutory construction" that "it is 'highly implausible' that Congress intended to effect a reversal of several decades of case law holding that maritime claims may not be removed absent an independent basis for federal jurisdiction").

Defendant argues in the alternative that "even if the saving-to-suitors clause could bar removal after the 2011 amendment to § 1441, courts have clearly and consistently held that it does not bar removal where there is an independent basis for subject matter jurisdiction, such as diversity." [18] at 18. According to Defendant, "all requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied here" and the fact that Defendant in headquartered in Illinois is irrelevant because "the forum defendant rule is not jurisdictional, it is procedural." *Id.*

Defendant's argument is not based on any statutory text, but rather on precedent concerning the limited circumstances under which a defendant may be able to remove an admiralty case that the plaintiff elected to file in state court. The removal statute, 28 U.S.C. § 1441(b)(2), is clear: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of

10

this title," *i.e.*, diversity jurisdiction, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." For the reasons explained above, this case is not removable on the basis of admiralty jurisdiction, because Plaintiff (unlike the plaintiff in *Lu Junhong*) has invoked the saving-to-suitors clause. The only other basis for removability advanced by Defendant is diversity, 28 U.S.C. § 1332(a), and therefore the forum defendant rule set out in § 1441(b)(2) applies and prohibits removal, as Defendant is a citizen of Illinois. In other words, the action is removable, if at all, "solely on the basis of the jurisdiction under section 1332(a)" and therefore it "may not be removed" because Defendant "is a citizen of the State in which such action [wa]s brought." 28 U.S.C. § 1441(b)(2).

Defendant fares no better relying on precedent concerning the "exception" to the saving-to-suitors clause for cases where the court can exercise jurisdiction on an independent basis. The critical question is whether the precedent is properly read to require only satisfaction of the requirements for jurisdiction, *i.e.*, complete diversity of citizenship and satisfaction of the amount in controversy (as Defendant contends), or also satisfaction of any prerequisites to removability, such as the forum defendant rule (as Plaintiff argues). In its opposition to remand, Defendant cites a single case where its interpretation of the saving-to-suitors clause "exception" has been accepted: *Curry v. Boeing Company*, 542 F.Supp.3d 804 (N.D. Ill. 2021). *Curry* held that "[i]f there is some basis for federal jurisdiction other than admiralty—such as the diversity jurisdiction or the federal question jurisdiction—the defendant retains its usual ability to remove the suit to federal court." *Id*. at 819. It further held that the forum defendant rule "does not disturb the fact that this suit's falling within the diversity jurisdiction creates an 'independent basis for federal subject matter jurisdiction' for purposes of the saving-to-suitors clause," because the forum defendant rule is procedural, not jurisdictional. *Id*. at 820.

11

The primary sources on which *Curry* relies suggest that in order to avoid the saving-to-suitors clause bar, the defendant is required to satisfy all requirements for removal, both jurisdictional and procedural. See *Curry*, 542 F. Supp. 3d at 819-20. The Wright and Miller treatise cited by *Curry* summarizes savings clause cases as establishing that "[a]n independent basis of federal jurisdiction *and satisfaction of all the removability prerequisites* will trump an otherwise nonremovable state initiated saving-to-suitors action." *Curry*, 542 F. Supp. 3d at 820 (quoting Wright & Miller, Removal of Admiralty Cases, 14A FED. PRAC. & PROC. JURIS. § 3674 (4th ed.)) (emphasis added). *Curry* also relies on *Brown*, 149 F. Supp. 3d at 968-69, which in turn relies on the lead case *In re Chimenti*, 79 F.3d 534, 537–38 (6th Cir. 1996). In *Chimenti*, the Sixth Circuit explained that "[c]ourts have consistently interpreted the 'saving clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent federal basis *for removal*, such as diversity jurisdiction." *Id*. at 537 (emphasis added). Consistent with *Chimenti*, in *Lu Junhong* the Seventh Circuit explained that the *Romero* Court "took the saving-to-suitors clause at the end of § 1333(1) to mean that plaintiffs who elect to litigate a common-law maritime claim in state court are entitled to keep their preferred forum, when the defendant is a citizen of the forum state, unless some other jurisdictional grant also applies *and permits removal*." 792 F.3d at 817 (emphasis added); see also *Glazer v. Honeywell, Int'l, Inc*., 2017 WL 1943953, at *3 (D. N.J. May 10, 2017) ("plaintiffs who elect to litigate a common-law maritime claim in state court are entitled to keep their preferred forum, when the defendant is a citizen of the forum state, unless some other jurisdictional grant also applies and permits removal" (citing *Lu Junhong*, 792 F.3d at 817)).

*Curry* therefore does not persuade the Court that Defendant should be allowed to remove this action purportedly based on an exception to the saving-to-suitors clause, even though

Defendant could not remove the action based on the plain language of the removal statute, which contains the forum defendant rule. See 28 U.S.C. § 1441(a), (b)(2). Defendant has offered no logical reason for allowing it to combine two nonremoveable grounds for jurisdiction to defeat application of the saving-to-suitors clause, and the limited on-point case law (none of which is binding on this Court) does not compel such a result. Other than *Curry*, the few district courts considering the same factual scenario—the plaintiff invokes the saving-to-suitors clause to defeat removal based on admiralty and the defendant satisfies the citizenship and amount in controversy requirements for diversity jurisdiction but is a forum defendant—have either rejected Defendant's argument or simply analyzed each ground for removability separately and found both lacking. *International Marine Underwriters v. Southern Drydock, Inc*., 2016 WL 11431679 (M.D. Fla.), for example, concluded that accepting the argument that Defendant advances here would "'permit the very occurrence the Supreme Court attempted to avoid in *Romero*—the evisceration of the savings clause.'" *Id*. at *4 (citing *Cassidy v. Murray*, 34 F. Supp. 3d 579, 583 (D. Md. 2014)). This Court agrees that this is a concern, which can be avoided by using the approach used by the district courts in *Speranza v. Leonard*, 925 F. Supp. 2d 266, 271-72 (D. Conn. 2013), *Sanders v. Cambrian Consultants (CC) America, Inc*., 132 F. Supp. 3d 853, 857-58 & n.3 (S.D. Tex. 2015), and *Barglowski v. Nealco Int'l LLC*, 2016 WL 5107043, at *3, 8 (D. Hawaii Sept. 20, 2016). In those cases, the courts considered and decided each basis for removal separately, finding, first, that removal based on admiralty was improper due to the saving-to-suitors clause and, second, that removal based upon diversity was barred by the forum defendant rule. This strikes the Court as the most sensible way to analyze removal, because it gives effect to and harmonizes the removal statute and the saving-to-suitors clause. See *Servotronics*, 975 F.3d at 695. Resolving its

considerable doubts concerning the propriety of removal in favor of remand, *Wragge*, 532 F. Supp. 3d at 620, the Court grants Plaintiff's motion to remand.

## IV. Conclusion

For these reasons, Plaintiff's motion to remand [14] is granted. This case is remanded to the Circuit Court of Cook County for all further proceedings. Defendant's motion to reassign [27] is denied as moot. Civil case terminated.

Dated: November 2, 2022

Robert M. Dow, Jr.
United States District Judge

14